77,993-04

Aug. 19-2015
Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Chester Ray Morris 1449712
Coffield Unit
2661 FM 2054
Tenn. Colony Tex. 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 26 2015
Abel Acosta, Clerk

RE:    Application for Writ of Habeas Corpus
       from 241 District Court, Smith County Texas.

Dear Court,

On/about 6-30-15 I Chester Ray Morris TDCJ # 1449712 applied pro se on application for Writ of Habeas Corpus from Smith Countys 241 Judicial District Court, Smith County Texas.

During the process of placing the application for the writ for accidently mailing, I accidently failed to include a portion of the memorandum of the writ. Unaware at the time of mailing the writ, I noticed several days later that the facts and exhibits that I had prepaired to support the issues and memorandum had not been included in the application for the Writ of Habeas Corpus and in an effort to get said portion of memorandum attatched to the application, on 7-10-15 and 7-20-15 I wrote letters to the District Clerk of Smith Co. to find out if their office had recieved my writ application and if so would there be any possible way that I may get the unattached portion of the memorandum attatched to the application or should I be able to withdraw the application and redo it with the entire memorandum attatched.

Since I had not recieved any responces from the District Clerk & the District Court, I wrote to on the same dates 7-10-15 and 7-20-15 to the Clerk of the Court of Criminal Appeals to find out had the Court of Criminal Appeals had recieved the application for Writ of

Page 1 of 3

Habeas Corpus in order that I may find out what is needed to do to attempt to resolve the issues of the unattatched part of the memorandum and the Clerk for the Court of Criminal Appeal to both letters 7-10-15 and 7-20-15 to the Court responce was that they havent recieved the application for Writ by way of letters from the Clerk of the Court of Criminal Appeal dated 7-27-15 and 8-3-15.

On 7-30-15 I recieved a letter from the District Clerk of Smith Countys 241 District Court dated 7-27-15 Stating that my application for Writ of Habeas Corpus 11.07 was recieved at their office on 7-15-15 and it is being processed.

On 8-14-15 I recieved a copy of the Application for Writ of Habeas Corpus from the District Clerk along with the States Answere and Facts and Conclusion Law dated 8-7-15.

If I may I would ask the Court of Criminal Appeals to consider that this document be considered as applicants request/motion to attatch the now presented facts and exhibits of supporting the issues and memorandum already attatched if at all possible and/or consider this document as applicants Responce/Rebuttal to states responce to applicants application for Writ of Habeas Corpus 11.07 and fact of Laws.

Applicant would also take into consideration that the unattatched portion of applicants facts and exhibits are fore mentioned throughout the memorandum already attatched to the Writs application as support to the issues late Raised on application.

Upon review of the facts and exhibits and upon consideration of said facts and exhibit of documents presented. Applicant has provided the Court with sufficient cause to determine that applicants issues And assertion supporting Such issues are true, that Applicant attorneys both trial/Appeal was deficient and that several of applicants U.S. Constitutional Rights along

with Texas Constitutional rights and laws were violated thus Applicant should be granted in the interest of justice under consideration, consider that applicant is not an attorney and most of all that he learns is new.

### Prayer.

Wherefore, the primise is considered. I do humbly pray that this honorable court will review the foremention application/ request, facts, exhibits and documents presented herein and to please apply fair and sound judicial reasoning to the facts, issues, exhibits and documents at bar and in all things please do grant the above and foregoing application, petition and relief.

Therefore it is Prayed,

Sincerely Submitted
Chester Ray Morris
Chester Ray Morris 1449712
D.O.B. 11-3-53

I Chester Ray Morris #1449712 am the applicant and being presently incarcerated in Coffield Unit, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Sign on Aug. 20-2015
Chester Ray Morris 1449712

# Facts and Exhibits supporting Memorandum

"Exhibit I" Letter from appeal attorney dated Oct. 3 2007 support the fact that Morris made many attempts to get appeal attorney to contact Morris so that Morris could attempt to explain to him that he had evidence to support Morris assertions that trial counsel was deficient not objecting to or motioning to suppress illegally obtained evidence presented to a criminal court such as the blood specimen, evidence that had no scientific value "considered as junk science" such as the one blood specimen taken that was unsupportive of any indication that Morris was intoxicated the time of the accident and that allowing the so-called expert witness "Bridgen" that the State presented was qualified to be considered an expert even in the case as cited in the case of Blumenschein V. State 35 SW 3d 834 (TA Texarkana 2004).

I would appear that counsel had no intentions of putting together an meaningful direct appeal even before he had read the courts report.

"Exhibit II" Letter from Appeal Attorney to Morris dated July 3-08. Attorney would assert that he had talked to Morris. Morris contends that Attorney Kennedy had never met appellant in person before or afterward him filing Appellant brief to discuss with Morris issues to be raised on his appeal. By Counsel failure to communicate with appellant to discuss such matters. Counsel highly misunderstood Morris contentions Morris tried to explain to him by way of letters that Morris had evidence that would support the issues that Morris found relevant to be raised on his appeal such as the assistance Trial Counsel rendered to Morris during the trial process, through investigations, objections and motions to suppress. and most of all the questionable B.A.C. analysis which is unreliable, misleading and should have been inadmissible.

Counsels tell letter to Morris dated 7-3-08 clearly indicates that counsel had seized to assist Morris on his appeal at a very crucial time. The letter also indicate that Morris was still attempting to get Appeal attorney to talk to him about the evidence he had to support his contentions as grounds for and issues. Counsel still failed to communicate with Morris so that Counsel had no clue what Morris was talking about.

Counsel often stated that Morris did not understand the proceedures of the appeal when it was counsel that did not understand or just didn't want to get tied up in an appeal that would hurt his chances of becoming assistant D.A. Had Morris been granted relief on his appeal and taking an evasive alternative to representing Morris any further, Counsel told Morris to quit writing him and the courts that Morris was just wasting his time. Be it not known to Morris and the Court, Counsel had already taken the job as assistant District Attorney. effective June 1, 2008 in the neighboring County of Rusk. "Henderson" Texas. at the same crucial period and time during Morris Appeal Proceedure. which could/would cause a great conflict of interest.

Note at the end of counsels letter, Counsel states "when the Court of appeals Rules I will send you a copy of that opinion". Morris would contend with reason that counsels conflict of interest failed to let him do so in a timely manner.

Exhibit III Letter dated from Twelfth Court of Appeals to Appeal Counsel advising Counsel that he was out of compliance with
   Tex. R. App. P. 48.4

Exhibit IV Letter dated 9-16-08 from Kennedy to the 12th Court of Appeals attempting to mislead the court by stating that he had already sent Morris an copy of the courts opinion Prior to 9-16-08.

Note that attorney states" I did send a copy of the opinion certified in the cause 12-07-331-CR to Chester Morris, I am unable to locate that letter supporting certificate proof so I did it again.

Mr. Kennedy, in his letter to the 18th Court of Appeals Kennedy offers no reason to the court why he was out of compliance with Tex. R. App. P. 48.4 to the Courts as the court was not Morris was the one that brought it to Mr. Kennedy that he was out of compliance and at the time Morris had no indication that Kennedy was out of compliance with Tex. R. App. P. 48.4 due to the fact that Morris was not made aware of the courts decision until 9-18-08 by way of letter from Attorney Kennedy false accusation that he had informed Morris prior. Ironically Mr. Kennedy could not, did not produce evidence or document that would support his assertion that he had notified Morris earlier of the Courts decision nor that he had notified the court of him notifying Morris earlier of the courts decision.

Exhibit I Letter from Appeal Attorney "Kennedy" to Morris dated 9-16-08 Stating" Enclosed is another copy of the opinion in your case, as if he had sent one prior. You Lose. You have 30 days to file your P.D.R..

It would be questionable that had Mr. Kennedy already sent Morris one copy of the courts opinion, then why would he send a second one. Also be it noted that the letter that he sent to Morris and the courts was 43 days past the date that the court rendered its decision, 13 days past the 30 days for filing for an Rehearing or P.D.R.

Exhibit VI Motion filed Pro Se by Morris for Out-of-Time P.D.R.

Exhibit VII Letter to State Bar of Texas from Appeal Attorney Kennedy dated 10-31-08 in response to a complaint filed by Morris against Mr. Kennedy.

Once again Mr. Kennedy is being deceitful to the State of Texas and his client Morris during his appeal Process.

Mr. Kennedy have never met Mr. Morris as he States in the 3rd paragraph Page 1 of his letter to the State Bar to discuss anything verbally or anything period. with Mr. Morris "appellant."

Begining of paragraph 5. once again Mr. Kennedy simply States that he sent appellant a copy on 9-16-08 and one prior to 9-16-08 but he cannot say when he did that. Mr. Kennedy could not say when he did that because he did not do that and once again could not offer any proof supporting that he did, notify Morris or the court before 9-16-08. Thus actions contributed to the denial of Morris being afforded an fair and complete Appeal and denial of an opportunity to file for an P.D.R.

It is undisputed that Counsel had abandoned Morris during a very crucial point and time during Morris Appeal Process due to a very severe conflict of interest as Counsel, himself admits in his letter 1st. Paragraph Page 8 " I left the private practice of law to take a job as First Assistant District Attorney in Rusk County "Henderson" Texas effective June 1, 2008. Court hadn't rendered its decision until 8-6-08.

Mr. Kennedys letter to the State Bar throughout its entirety only suggest that he had no intention on providing Morris with any type of effective Assistance for an defendant only that he would only try to convict him as an district attorney would. as he was.

Applicant would like to bring to the courts attention that Mr. Kennedy letter to the state Bar is responding to an complaint that I had filed with the State Bar about some photo that I had of the

accident that I was involved in. In an attempt to show Attorney points where Trial Attorney failed to investigate. The photos was hand delivered by appellants to Mr. Kennedys office by relatives along with a letter explaining the photos and the possible effect an investigation may have had upon the outcome of the trial in favor of the defendant. Mr. Kennedys secretary made a copy of the letter and signed it acknowledging that his office had recieved the letter and photos. I still have the copy of the letter as of this date 6-29-15. But yet Mr. Kennedy states in his letter "I do not now nor have ever had the photographs he claims that I have" (page 1 paragraph 4) Yet later Page 2 paragraph 3, He states "I do not think he ever sent the photos he claims that he sent me.

Exhibit. VIII In mate Request form to officials. front and back. Mr. Kennedy asserted many times to the court, to the State Bar and to Morris that he had sent him "appellant" notification of the courts opinion prior to 9-16-08.
It is undisputable that the front of the Request form is to the mail room at Bradshaw State Jail (TDCJ) dated 11-7-08 and the back side is requesting a readout of all the incoming /out going legal mail for offender Chester Ray Morris # 1449712. Disposition at the bottom has all the dates of all incoming/out going and signed by the mail Room supervisor. Be it noted that there is but one incoming mail between 8-6-08 and 9-26-08 and it date is 9-8-08 and its from the innocence project of Texas.

Exhibit IX Twelfth Court of Appeals case management events in Morris case # 12-07-331-CR.

Exhibit X Arrest warrant Affidavit.

Exhibit XI Statutory Warning (DIC 23-24)

Exhibit I

# RICHARD W. KENNEDY
## ATTORNEY AT LAW

924 WEST HOUSTON
TYLER, TEXAS 75702

TELEPHONE (903) 593-3363
FAX (903) 526-2142

October 3, 2007

Mr. Chester Morris
TDC 1449712
Gurney Unit
PO Box 6400
Tennessee Colony, Texas   75681

Dear Mr. Morris:

Thank you for your letter. I understand that you want to blame your lawyer. Most convicted inmates want to blame their lawyer. Most do not accept any responsibility for their situation preferring to say that their lawyer "did not do anything".

In order to prevail in an "ineffective assistance of counsel" appeal, we have to be able to prove that you would have been acquitted except for the performance of your lawyer. That is an almost impossible standard to prove.

I have not read the record yet because it is not yet available. But I can tell you that if there was ANY evidence that you had either drugs or alcohol in your system, that alone is enough to defeat an ineffective assistance of counsel claim. IF there were any drugs or alcohol in your system, that fact alone is enough to defeat a claim that the lawyer is what got you convicted. Because drugs or alcohol in your system is your problem and cannot be blamed on your lawyer's performance

Please write to me and tell me whether there were any drugs or alcohol in your system. I seem to recall that there was cocaine found in your system. Is that right or am I thinking of another person.

Thank you again for your letter. Please write again and answer the question about drugs or alcohol that may or may not have been part of the evidence against you. We can always complain that the evidence against you was not strong enough. But complaining about your court-appointed lawyer may make you feel better by blaming him or her but it is almost NEVER a good appeal tactic.

Sincerely,

Richard W. Kennedy

EXHIBIT II

July 3, 2008

Mr. Chester Ray Morris
TDC 1449712
Bradshaw State Jail
PO Box 9000
Henderson, Texas 75653

Re:     your situation

Dear Mr. Morris:

    I did your Appellant's brief.   You know that because I filed it and sent you a copy.  I also sent you a copy of the State's brief.   Next, the Court of Appeals will render an opinion.  When they do that, I will send you a copy of it.

    Quit writing to me and to the Courts.  You are wasting your time.  You do not understand the appeal process even though I have tried to explain it to you.   YOU ONLY GET TO PUT ON EVIDENCE AND TESTIMONY IF YOU GET A NEW TRIAL.  **PERIOD !!!!!!**  I cannot be more simple than that.  You want to put on evidence but an appeal is not about NEW evidence.  It is about what happened at your trial.

    When the Court of Appeals rules, I will send you a copy of that opinion.

Sincerely,

Richard W. Kennedy



EXHIBIT III

CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
SAM GRIFFITH
BRIAN HOYLE

## TWELFTH COURT OF APPEALS

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Monday, September 08, 2008

Mr. Richard Kennedy
3124 Bracken
Tyler, TX 75701

**RE:**   Case Number:               12-07-00331-CR
          Trial Court Case Number:   241-0904-07

**Style:**  Chester Ray Morris
            v.
            The State of Texas

Dear Counsel:

The opinion in this appeal was issued on 8/6/2008. As of today, this Court has not received your letter certifying compliance with TEX. R. APP. P. 48.4, including a copy of the return receipt as required by this rule. Please send the letter and the return receipt to this Court on or before **Thursday, September 18, 2008** to avoid further action. Thank you for your cooperation.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
      Katrina McClenny, Chief Deputy Clerk

Exhibit IV

FILED IN COURT OF APPEALS
12th Court of Appeals District

SEP 17 2008

TYLER, TEXAS
CATHY S. LUSK, CLERK

September 16, 2008

12th Court of Appeals
1517 Front Street
Tyler, Texas 75702

Attention:  Katrina

Dear Katrina:

I did send a copy of the opinion (certified) in Cause **12-07-331-CR** to **Chester Ray Morris**.  I am unable to locate that letter and supporting certified proof, so I did it again.  Enclosed is a copy of the letter and certification.

Sincerely,

Richard W. Kennedy



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage $ | 4.80 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees $ | 9.70 |

Postmark Here    16 Sep 08

Sent To
Mr. Chester Ray Morris        TDC 01449712
Street, Apt. No.; or PO Box No.
PO Box 9000, Bradshaw State Jail
City, State, ZIP+ 4
Henderson, TX 75653-9000

PS Form 3800, May 2000              See Reverse for Instructions

7000 1530 0001 3955 9853

September 16, 2008

Mr. Chester Ray Morris
TDC 01449712
Bradshaw State Jail
PO Box 9000
Henderson, Texas   75653-9000

Re:      Opinion in your case

Dear Mr. Morris:

Enclosed is another copy of the opinion in your case.  Your case was affirmed meaning you lost.  That means that you now have the right to file a Petition for Discretionary Review (PDR) in the Court of Appeals in Austin, Texas.  You have a limited time to file your Petition so I suggest that if you are going to try to continue to appeal, you file your PDR quickly.  You only have 30 days to file your PDR.  You do not have the right for court appointed counsel so you can hire an attorney, seek the assistance of a writ writer inmate or do it yourself.

The PDR is still not about "new evidence".  It is about what happened at your trial.  So to pursue what you are trying to get into...new evidence, you will have to do a post conviction writ. You not have the right for court appointed counsel in a post conviction writ either, so you can hire an attorney, seek the assistance of a writ writer inmate or do it yourself.

I have told you all of this before.  And you also know that I am no longer in private practice. I work for the State now, so I can no longer assist you or represent you.

Sincerely,

Richard W. Kennedy

EXHIBIT VI

No. _____

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

REC'D IN COURT OF APPEALS
12th Court of Appeals District
OCT 14 2008
TYLER, TEXAS
CATHY S. LUSK, CLERK

REC'D IN COURT OF APPEALS
12th Court of Appeals District
OCT 14 2008
TYLER, TEXAS
CATHY S. LUSK, CLERK

CHESTER RAY MORRIS

V.

THE STATE OF TEXAS

FROM APPEAL NO. 12-07-00331-CR
TRIAL CAUSE NO. 241-0904-07
SMITH COUNTY

## FRIST MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now, CHESTER R. MORRIS, Petitioner, and files this motion for an extention of sixty(60) days in which to file a Petition for Discretionary Review. In support of this motion, appellant shows the Court the following:

I.

The Petitioner was convicted in the 241st. District Court of Smith County, Texas, of the offense of Intoxication Manslaughter in Cause No. 241-0904-07, stlyed STATE OF TEXAS VS. CHESTER RAY MORRIS. THE Petitioner appealed to the Court of Appeals, Twelfth (12th) Supreme Judicial District. The case was affirmed on Aug. 6, 08.

## II

The present deadline for filing the Petition for Discretionary Review was Sept. 6, 08. The Petitioner has not requested any extention prior to this request.

## III.

Petitioner's request for an extention is based upon the following facts: Petitioner was not informed on the decision of the court of appeals in affirming his case until Sept 18. 08. Since that time Petitioner has been attempting to gain legal representation in this matter. His attorney on the appeal, Richard W. Kennedy, has informed Petitioner that he will not represent him on the Petition for Discretionary Review.

Wherefore, Petitioner prays this Court grant this motion and extend the deadline for filing the Petition for Discretionary Review in Cause No. 12-07-00331-CR to Nov. 7, 08.

Chester R. Morris 1449712
Chester R. Morris
Petioner, pro se
Texas Department of Criminal Justice
Institutional Division
Bradshaw State Jail Unit
TDCJ - ID # 1449712
HENDERSON, TEXAS

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing Frist Motion for Extension of Time to File Petition for Discretionary Review has been forward by. U.S. Mail, postage prepaid, frist class, to the Attorney for Respondant, _____, at _____, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711 on this the ___ day of _____ 20

Chester Morris

I Chester Ray Morris, TDCJ# 1449712, being presently incarcerated in the Bradshaw State Jail Unit of the Texas Department of Criminal Justice in Rusk County, Texas, verify and declare under penalty of perjury that the forgoing statements are true and correct. Executed on this the 4th day of October 2008.

Chester R. Morris
Chester R. Morris

TDCJ# 1449712

October 31, 2008

Ms. Jolene Bartlett
Senior Investigator
Office of the Chief Disciplinary Counsel
State Bar of Texas
5400 LBJ Freeway Suite 1280
Dallas, Texas 75240

Re:  Chester Ray Morris
     D 0100835884

Dear Ms. Bartlett:

In response to Mr. Morris' complaint, I can tell you the following.  I was appointed to represent Mr. Morris on an appeal of his conviction and 15 year sentence for Intoxication Manslaughter from the 241st District Court of Smith County, Texas. The appeal cause number is 12-07-00331-CR styled **Chester Ray Morris v. State of Texas**. His conviction and sentence was affirmed.  I have enclosed a copy of the 12th Court of Appeals opinion in the matter.

Contrary to his allegation there is no conflict.  I completed my brief on his behalf and filed it February 19, 2008. At the time I prepared and filed his brief, I did not work for the State and only began to prosecute long after I filed his appeal brief.  I no longer represent him and there is no conflict.

When I first met Mr. Morris, he was adamant that he had "evidence" that proved he was not guilty.  I never saw any pictures he claimed supported him. But even there were such photos, they would not be useful in an appeal.  In spite of repeated verbal and written attempts to convince him that a direct appeal does not permit the introduction of evidence not admitted at trial, he still remains convinced that his "evidence" refutes the State's case.   I did not try his case in the 241st District Court.  He was represented by another appointed attorney.  I believe that his trial lawyer was Mr. Clifton Roberson.

I do not now have nor have I ever had the photographs he claims that I have.  If there were such photographs, his trial lawyer would have had them.  Any photographs he refers to as part of his "discovery" materials were never in my possession.  Appeal lawyers do not get discovery.  They get a transcript.  Discovery materials are provided to the trial lawyer.  An appeal lawyer can only appeal on points raised during the trial.  A direct appeal is not a forum for the establishment of a defense.  Rather, a direct appeal can only be about error that occurred at trial.  I attempted to appeal those points that I felt were raised by the law and the evidence.  Mr. Morris never understood that though I tried to explain it to him many, many times.

I respectfully direct your office to the copy of the letter I sent him dated September 16, 2008

in which I sent to him "another" copy of the opinion in his case. That letter is contained in his complaint. I had sent him the first copy at some time before September 16, though I cannot now say when I did that.

I left the private practice of law to take a job as the first assistant district attorney in Rusk County (Henderson) Texas effective June 1, 2008. I completed my obligations to my appointed clients but I did not ever give him any address because my office in Tyler (924 W. Houston) was closed and it was inappropriate to give the DA's office in Henderson as my address. That left me with only my home address in Tyler. I chose not to disclose that address to convicted felons who might harbor some sort of grudge against me. Additionally, my wife takes the 114th District Court bench on January 1, 2009. That is another good reason not give out my (and her) home address.

The evidence against Mr. Morris was overwhelming. The testimony of the veteran trooper (Godwin) as to his investigation of the wreck appeared to be believable to the jury. Mr. Morris had a blood alcohol level of greater than .17 meaning that he was intoxicated to twice the legal limit of intoxication. His passenger died as the result of a tragic car wreck in which Mr. Morris was the driver of the car in which his friend was a passenger.

I believe that I completed my obligations to Mr. Morris. It is true that now, as an Assistant DA, I can no longer assist him since he is adverse to the State. But if I had his property, I would give it to him. I do not think he ever sent me the photos he claims that he sent me. I think that his claims are more of his attempts to blame someone else for his situation. In all my communications with Mr. Morris, he attempted to blame others for his unfortunate situations. This grievance appears more of the same.

It may be that Mr. Morris wants an out of time right to file a PDR. I hope he gets it but there is nothing, in my opinion, upon which the Court of Criminal Appeals is likely to take up.

Sincerely,

Richard W. Kennedy

cc:     Mr. Chester Morris
        TDC 1449712
        Bradshaw State Jail
        PO Box 9000
        Henderson, Texas 75653-9000

"FRONT OF I-60"

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
# INMATE REQUEST TO OFFICIAL

Exhibit VIII

REASON FOR REQUEST: (Please check one)

PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUES·
THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost Overtime (Unit Warden - If approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden - If approved, will be forwarded to the Director of Classification

4. ☐ Clemency - Pardon, parole, early out - mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78711)

5. ☐ Visiting List (Asst. Director of Classification, Administration Building)

6. ☐ Parole requirements and related Information (Unit Pi Counselor).

7. ☐ Inmate Prison Record (Request for copy of record, Information on parole eligibility, discharge date, detainers - Unit Administration)

8. ☐ Personal interview with a representative of an outside agency (Treatment Division, Administration Building.

TO: _Mail Room_
(Name and Title of Official)

DATE: _11-7-8_

ADDRESS: _Bradshaw State Jail_

60 (Front)

"BACK SIDE OF I-60"

SUBJECT: State briefly the problem on which you desire assistance.

I need an read-out or print-out of all legal incoming out-coming mail for offender Chester R. Morris # 1449. This information can and will be used as legal evidence in an Court of Law. Of need to be presented in the best le[gal] form available.

If will be of great help for it to be certified as true copy, notarized or even with the preparers itn. or signe You assistance and promptness will be greatly appreciated in this matter. There is actually a time limit for this to be presented t the court, as evidence. I have only 4 days

D3-54

Thanks

Name: _Chester Morris_     No.: _1449712_     Unit: _Bradsh[aw]_

Living Quarters: _D3-54_     Work Assignment: _B.P. Ed._

DISPOSITION: (Inmate will not write in this space.)

1. 11-12-08    5. 10-6-08    9. 6-11-08 / 3/26    4/03    4/26    11/04
2. 10-24-08    6. 9-19-08    / 3/19    7/17    10/30    Incoming
3. 10-10-08    7. 8-29-08  Out- going / 6/16    9/08    10/31.
4. 10-6-08     8. 10-19-08   / 6/16

R. Hunt



# TWELFTH COURT OF APPEALS






TCO: Tx Courts Online Home
A-Z Index | FAQs | Search
Site Best Viewed 1024x768+

Courthouse photos courtesy
of texascourthouses.com.

## General Information

- **12th CoA Home**
- **Practice Before the Court**
  Tips & Guidelines | General Rules & Standards | Fees | Forms | Mediation
- **About the Court**
  Contact | Justices | Employment | Overview

- **Search Courts Site**

  [Type Search Word] [Search]

**Case Search Results on Case # 12-07-00331-CR**

Add to CaseMail | Printer-Friendly Version

## Case Information:

| | |
|---|---|
| Case Number: | 12-07-00331-CR |
| Date Filed: | 9/6/2007 |
| Style: | Chester Ray Morris |
| v.: | The State of Texas |
| Original Proceeding: | No |
| Transferred From: | |
| Transfer In Date: | |
| Transfer Case No: | |
| Transferred To: | |
| Transfer Out Date: | |

## Trial Court Information:

| | |
|---|---|
| Trial Court: | 241st District Court |
| Trial Court Judge: | Judge Jack Skeen Jr. |
| Trial Court Case #: | 241-0904-07 |
| Trial Court Reporter: | Steve Awbrey |
| Punishment: | 15 Years/TDCJ-ID |

## Case Information

- **Case Search**
- **Opinion Search**
- **Released Orders/Opinions**
- **Case Submissions**

## Case Mail

- **Track Cases or Released Opinions**
  My Account | Case Tracking | Opinion Tracking | Register | Basics | FAQs

## Texas Appellate Courts

- **The Supreme Court of Texas**
- **Court of Criminal Appeals**
- **Courts of Appeals** [by District-City]
  1-Houston | 2-Fort Worth | 3-Austin
  4-San Antonio | 5-Dallas | 6-Texarkana
  7-Amarillo | 8-El Paso | 9-Beaumont
  10-Waco | 11-Eastland | 12-Tyler
  13-Corpus Christi | 14-Houston

## Parties:

| Party | Party Type |
|---|---|
| Morris, Chester Ray | Criminal – Appellant |
| The State Of Texas | Criminal – State of Texas |

## Case Events:

| Date | Event Type | Description |
|---|---|---|
| 10/16/2008 | Motion for extension of time to file petition for | Pro Se |

discretionary review disposed by Court of Criminal
Appeals

10/14/2008 Motion received        Pro Se

9/23/2008 Mandate acknowledged by trial court clerk      District Clerk

9/22/2008 Case stored

9/22/2008 Mandate issued

9/17/2008 Notice filed        Attorney

9/8/2008 Late compliance notice        Attorney

9/5/2008 Petition for discretionary review was not filed

8/21/2008 Motion for rehearing was not filed

8/6/2008 Memorandum opinion issued

6/25/2008 Submitted

6/20/2008 Document returned        Pro Se

6/20/2008 Motion received        Pro Se

6/4/2008 Set for submission on briefs - oral argument denied

3/27/2008 Prescreened

3/13/2008 Brief filed - oral argument not requested      State

3/13/2008 Oral argument waiver by one party      State

3/13/2008 Case ready to be set

2/19/2008 Brief filed - oral argument requested      Appellant

2/7/2008 Motion for extension of time to file brief disposed      Appellant

1/31/2008 Motion for extension of time to file brief filed      Appellant

1/11/2008 Mot. for Ext. File Brief Disp.      Appellant

1/3/2008 Mot. for Ext. to File Brief      Appellant

12/5/2007 Reporters Record Filed      Six Volumes

11/20/2007 Final Deadline for Record      Court Reporter

10/29/2007 Warning of Remand for Hearing for no Reporter Rec.      Court Reporter

10/1/2007 Docketing Statement

9/27/2007 Notice of No Record Received      Court Reporter

9/19/2007 Notice for Criminal Docketing Statement      Second request from the court

9/7/2007 Welcome to the court letter

| | | | |
|---|---|---|---|
| | 9/6/2007 | Clerks Record Filed | One Volume |
| | 9/6/2007 | Notice of appeal received | Court of Appeals |
| | 7/25/2007 | Trial Court's Certification of Defendant's Right of Appeal | Trial Court |
| | 7/25/2007 | Notice of Appeal Filed | Trial Court |
| | 7/25/2007 | Date Sentence Given in Open Court | |

## Calendars:

| | Set Date | Calendar Type | Reason Set |
|---|---|---|---|
| | 9/22/2008 | Case Stored | Case stored |
| | 9/22/2033 | Retention | Date criminal case will be destroyed (25 years after mandate) |



**Hint:** Click on the folder icons above for more case information.

Twelfth Court of Appeals • 1517 W. Front St., Ste. 354 • Tyler, TX 75702 • (903) 593-8471
Accessibility Policy | Privacy & Security Policy | Open Records Policy | State Web Site Link & Privacy Policy | Email TCO
Texas Online | TRAIL | Texas Homeland Security | Where the Money Goes | Legislative Appropriations Request [pdf/1.28 MB]

EX-I

THE STATE OF TEXAS )

COUNTY OF SMITH )

**ARREST WARRANT AFFIDAVIT**

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned Affiant, who after being by me duly sworn on oath deposes and says:

My name is **James Godwin**, and I have good reason to believe and do believe that on or about the 24th day of September, 2006, in Smith County, Texas, **CHESTER RAY MORRIS** did then and there commit the offense of: **INTOXICATION MANSLAUGHTER**, a **second degree felony**, in that **he** did then and there, intentionally or knowingly operate a motor vehicle in a public place while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body, or by having an alcohol concentration of at least 0.08, and did by reason of such intoxication cause the death of another, namely, Sidney Roger Kizzie, by accident or mistake, to wit: by driving said motor vehicle occupied by Sidney Roger Kizzie, into another motor vehicle.

Against the Peace and Dignity of the State:

My belief of the above is based on the following facts and information:

Affiant is James Godwin, a State Trooper for the Texas Department of Public Safety ("the Department"), 4700 University Blvd. in Tyler, Texas. Affiant is a licensed peace officer in and for the State of Texas and has been such for the last 12 years. Affiant is currently assigned to the Highway Patrol division. Affiant is responsible for the enforcement of the Texas Transportation Code and all other Texas Codes requiring criminal enforcement. Affiant has also successfully completed training in Advanced Accident Reconstruction – Level I and II.

As part of Affiant's authority and jurisdiction, Affiant responds to and investigates motor vehicle accidents in the State of Texas. Affiant has performed hundreds of such investigations. On September 24, 2006, while on routine patrol, Affiant, along with Trooper Paul Shofner was dispatched at approximately 1:00 a.m. to a motor vehicle accident on State Highway 31 East, approximately 13.1 miles east of Tyler, Texas, at around mile post 716 in Smith County, Texas.

Prior to arriving at the scene, Affiant received information that one of the passengers in this motor vehicle accident was deceased. Affiant arrived at the scene of the accident and observed that there were two vehicles involved in the accident. One vehicle was a purple 1994 Ford Ranger pickup bearing TX LP# 9FZ-T99, driven by Chester Ray MORRIS and occupied by one passenger, later identified as Sidney Roger KIZZIE, and a red 1999 GMC Sierra pickup,

WITNESS my signature this the __19__ day of __JAN__, 2007.

_____
Affiant

Subscribed and sworn to before me this the __19__ day of __Jan__, 2007.

_____
Magistrate in and for Smith, County

bearing TX LP# 99J-MY2, driven by Cort Edwin CAMPBELL, the sole occupant. Upon arrival, Affiant observed that KIZZIE was still in the vehicle that was operated by MORRIS, and that MORRIS was pacing back and forth in the middle of the road yelling about his friend that was deceased in the vehicle. Affiant also observed that the vehicle that was operated by MORRIS was partially straddling the center stripe and facing west. The other vehicle was off the road and turned over on its driver's side on the eastbound side of the road facing west.

Affiant contacted MORRIS. MORRIS admitted to Affiant that he was the operator of the 1994 Ford Ranger. MORRIS stated that he didn't know what happened, that all he remembered was hitting another vehicle. At this time, Affiant smelled the strong odor of an alcoholic beverage coming from MORRIS' breath and person. Affiant further noticed that MORRIS' eyes were extremely bloodshot and glassy and that his speech was slurred. MORRIS continued to yell and cry about his friend. MORRIS tried to avoid getting close to Affiant as Affiant was attempting to get information. MORRIS continued to pace back and forth and would not stand still.

Trooper Shofner contacted the driver of the 1999 GMC pickup, Cort Edwin CAMPBELL. CAMPBELL was about to be transported by ambulance to East Texas Medical Center. CAMPBELL informed Trooper Shofner that he saw headlights coming at him in his lane of traffic, so he swerved to the left and that's all he remembered. CAMPBELL displayed no signs of intoxication or that he had been drinking.

Affiant observed the evidence left at the scene which consisted of skid marks, vehicle fragments, and damage to both vehicles. Based on this evidence, Affiant was able to determine the point of impact. Considering all of the evidence in light of statements made by both MORRIS and CAMPBELL, it is Affiant's opinion that MORRIS was driving in the wrong lane, and that as MORRIS' vehicle was about to strike CAMPBELL'S vehicle; both drivers swerved into the westbound lane of State Highway 31 East where they collided. Additionally, measurements and photographs were taken by Trooper Sean Waterman.

It was also Affiant's opinion that MORRIS was intoxicated. Affiant is certified in standardized field sobriety tests, including HGN. As Affiant attempted to have MORRIS perform these sobriety tests, MORRIS began to act like he was having a heart attack and requested an ambulance. Prior to this time, MORRIS had not complained of or displayed any signs of pain or injury. Affiant believed MORRIS to be faking his condition to avoid being arrested. Affiant requested an ambulance at approximately 1:46 a.m. MORRIS refused all Affiant's requests to perform any field sobriety tests and was transported to East Texas Medical Center hospital.

WITNESS my signature this the 19 day of JAN, 2007.

_____
Affiant

Subscribed and sworn to before me this the 19 day of Jan, 2007.

_____
Magistrate in and for Smith, County

Trooper Ryan Condry responded to East Texas Medical Center hospital and contacted MORRIS. Trooper Condry then read MORRIS the DIC paperwork. A mandatory blood draw was then performed by a registered nurse at East Texas Medical Center hospital due to MORRIS' intoxication and being at fault in a fatality accident. Trooper Condry then took custody of the blood specimen which was then submitted to the Texas Department of Public Safety laboratory for testing.

Sidney Roger KIZZIE was pronounced dead at the scene by Justice of the Peace Quincy Beavers at 2:42 a.m.

Affiant received the results from the Texas Department of Public Safety in laboratory case number L1T-130604 showing that an analysis of MORRIS' blood contained 0.17 grams of alcohol per 100 milliliters.

Affiant therefore has probable cause to believe that CHESTER RAY MORRIS intentionally or knowingly operated a motor vehicle in a public place while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body, or by having an alcohol concentration of at least 0.08, and did by reason of such intoxication cause the death of another, namely, Sidney Roger KIZZIE, by accident or mistake, to wit: by driving said motor vehicle occupied by Sidney Roger KIZZIE, into another motor vehicle

WHEREFORE, I request that an arrest warrant be issued for the suspect hereinbefore designated according to the laws of this State.

WITNESS my signature this the 19 day of JAN, 2007.

_____
Affiant

Subscribed and sworn to before me this the 19 day of JAN, 2007.

_____
Magistrate in and for Smith, County

**STATUTORY WARNING**

DIC-24 (Rev. 9/05)

Morris, Chester Ray _____ 12772348/TX _____ 1-3-53

SUBJECT'S NAME                    DL NO./STATE                    DOB

PHYSICAL DESCRIPTION (if unlicensed) Race: _____ Sex: _____ Height: _____ Weight: _____ Eyes: _____ Hair: _____

DATE OF ARREST: 9-24-06   TIME OF ARREST: 3:00 Am   COUNTY OF ARREST: Smith

You are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle or watercraft in a public place while intoxicated or an offense under Section 106.041, Alcoholic Beverage Code. You will be asked to give a specimen of your breath and/or blood. The specimen will be analyzed to determine the alcohol concentration or the presence of a controlled substance, drug, dangerous drug or other substance in your body.

If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 180 days, whether or not you are subsequently prosecuted for this offense.

If you are 21 years of age or older and submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of 0.08 or more, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 90 days, whether or not you are subsequently prosecuted for this offense.

If you are younger than 21 years of age and have any detectable amount of alcohol in your system, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 60 days. However, if you submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of less than 0.08, you may be subject to criminal penalties less severe than those provided for under Chapter 49, Penal Code.

If you refuse to give the specimen, or if the specimen shows that you have an alcohol concentration of 0.08 or more, you may be disqualified from driving a commercial motor vehicle for a period of not less than one year.

You may request a hearing on the suspension or denial. This request must be received by the Texas Department of Public Safety at its headquarters in Austin, Texas, no later than 15 days after you receive or are presumed to have received notice of suspension or denial. The request can be made by written demand, fax, or other form prescribed by the Department.

I certify that I have informed you both orally and in writing of the consequences of refusing to submit to the taking of a specimen or providing a specimen. I have provided you with a complete and true copy of this statutory warning.

I am now requesting a specimen of your ☐ **Breath**   ☒ **Blood**

☐ Subject refused to allow the taking of a specimen and further refused to sign below as requested by this officer.

OR

☐ Subject refused to allow the taking of a specimen as evidenced by his/her signature below.

_____

Subject's Signature

☐ I further certify that because you are a child as defined in Section 51.02, Family Code, the above request for a specimen and your response have been videotaped.

_____
Officer's Signature

R. Conley
Officer's Printed Name

DPS/THP Tyler
Agency

9035386000
Telephone No.

FOR DEPARTMENT USE ONLY



## SPECIMEN ROUTING REPORT

DIC-23A (3/96)

**INSTRUCTIONS TO ARRESTING OFFICER:**

If your case involves a blood or urine specimen, complete this form. Send in one copy with the DIC-23 and DIC-24. Send the second copy with the specimen to the lab. Do not serve the subject with a Notice of Suspension if a blood or urine specimen was taken. DIC will serve Notice of Suspension upon receipt of test results.

**INSTRUCTIONS TO RECEIVING LAB:**

It is necessary to provide a copy of the results of the analysis of this specimen, certified to by affidavit, to DPS, Driver Improvement and Control, PO Box 4040, Austin, TX 78765-4040.

Defendant's Name: _Morris_ _Chester_ _Ray_
           (Last)            (First)            (Middle)

DL# or ID#: _1277 2348_     State: _TX_

City and County of Arrest: _____ _Smith County_
                     (City)          (County)

Arresting Officer _James Godwin DPS Tyler_     _8151_
            (Name and Agency)              Badge #

Type of Specimen Received (check one): _✓_ Blood     _____ Urine (if urine, go to #4)

(1) Name and Occupation of person who withdrew blood: _Celie Jordan_
    Circle one:   1. Physician      (2.) Registered Professional Nurse
              3. Licensed Vocational Nurse    4. Qualified Technician
              5. Chemist

(2) Date and Time Blood Withdrawn: _9-24-06_     _3:10_    (AM)/PM
                        (Date)            (Time)

(3) Hospital or Place Blood Withdrawn: _East Texas Medical Center Tyler TX_

(4) Prior to submission to the lab, the specimen was stored in:
    1) ☑ Evidence Lockbox
    2) ☐ Other _____
    3) ☐ Not applicable - immediate submission to lab

(5) Name of Person Submitting Specimen to Lab: _Ryan Condry Trooper I_

(6) Blood Specimen Submitted to: _Tyler DPS Crime Lab_
                        (Name of Lab)
    _P.O. Box 132259_
    (Address of Lab)
    _Tyler_                                    , Texas
    (City)

(7) Date Submitted to Lab: _9-24-06_     by mail _✓_ or in person _____